UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL VANCASTER,

        Plaintiff,

  v.

        Case No. 23-cv-469-pp

THOMAS WALSH,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

      The plaintiff, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under the Freedom of Information Act and Privacy Act seeking a "stenographers record." Dkt. No. 1. This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens the complaint, dkt. no. 1, and dismisses the case.

**I.    Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 19, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $1.68. Dkt. No. 5. The court received that fee on June 16, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

  A. <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(A). The court must dismiss a complaint if the incarcerated plaintiff raises that's that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

 In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

The court liberally construes complaints filed by plaintiffs who are representing themselves and holds those complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that Thomas Walsh has failed to respond to the plaintiff's Freedom of Information/Privacy Act request for a free copy "the Unedited, Complete Stenographers Record from Initial Appearance to Sentencing." Dkt. No. 1 at 1. He says that he is filing his complaint under the federal Freedom of Information Act/Privacy Act. Id.

The plaintiff attached to the complaint a letter he wrote to the Brown County Circuit Court, which he dated November 21, 2022, in which he said that he was writing in regard to "Case No. 14·CF·938/14·CF·1696, and that he wanted to receive "an Unedited, Written Copy of the Original, Unedited Stenographers Records Beginning With Initial Appearance Through To Sentencing And Everything In Between." Dkt. No. 1-2.

3

The plaintiff does not explain who Thomas Walsh is. The web site the Wisconsin Court System lists among the judges on the Brown County Circuit Court Hon. Thomas J. Walsh. https://www.wicourts.gov/courts/circuit/judges.htm. The publicly available dockets for State v. Michael J. VanCaster, Case No. 2014CF938 and State v. Michael J. VanCaster, Case No. 2014CF1696 (Brown County Circuit Court), available at https://wcca.wicourts.gov, reflect that Judge Walsh was the judge who presided over those criminal cases (and who sentenced the plaintiff on January 12, 2016).

C. Analysis

The plaintiff alleges that Thomas Walsh did not respond to his Freedom of Information Act request for what the court believes are transcripts from the plaintiff's state-court criminal cases. The court construes the complaint as alleging that Walsh violated the Freedom of Information Act (FOIA), 5 U.S.C. §552 and the Privacy Act, 5 U.S.C. §552a. FOIA "generally contemplates a policy of broad disclosure of government documents." Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). "Under the Act, 'each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person.'" Moore v. FBI, 283 F. App'x 397, 398 (7th Cir. 2008) (quoting 5 U.S.C. §552(a)(3)(A)).

Under 5 U.S.C. §552(a)(4)(B), "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production

4

of agency records improperly withheld from the complainant." FOIA defines "agency" as

> each authority of the government of the United States; whether or not it is within or subject to review by another agency, but does not include—(a) the Congress; (B) the courts of the United States; (c) the governments of the territories or possessions of the United States; (D) the government of the District of Columbia.

5 U.S.C. § 551(1). The statute applies only to federal agencies, not individuals and not state or local officials. The plaintiff has no cause of action under FOIA because the Act does not apply to a state-court judge. The court must dismiss the FOIA claim for failure to state a claim upon which relief can be granted.

Nor does the Privacy Act—5 U.S.C. §552a, *et seq.*—provide the plaintiff with a cause of action. "The Privacy Act provides generally that '[n]o agency shall disclose any record which is contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of the individual to whom the record pertains.'" U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 766 (1989) (quoting 5 U.S.C. §552a(b)). The Privacy Act requires disclosure of any information that an agency must disclose pursuant to FOIA. 5 U.S.C. §552a(b)(2). Just like FOIA, the Privacy Act defines an "agency" as "each authority of the Government of the United States . . . ." 5 U.S.C. §55191). And like FOIA, the Privacy Act applies to federal agencies, not individuals. See Bavido v. Apfel, 215 F.3d 743, 747 (7th Cir. 2000) ("The Privacy Act authorizes suit only against an agency, not an individual.").

5

Because the plaintiff has not sued a federal agency, the court must dismiss the Privacy Act claim because it fails to state a claim upon which relief can be granted.

There are other problems with the plaintiff's complaint. He claims that Thomas Walsh did not respond to his request, but the letter he attached to the complaint was not written to Thomas Walsh; it was addressed to "Brown County Circuit Court." Dkt. No. 1-2. Judge Walsh is one of several judges on the Brown County Circuit Court, and that court also has a Clerk of Court and clerk's office staff. The fact that the plaintiff wrote a letter to the county agency by whom Judge Walsh is employed—the circuit court—was not sufficient to alert Judge Walsh that the plaintiff was making a request of Judge Walsh.

Finally, if the plaintiff believes that it is part of a state-court judge's official duties to provide transcripts to parties, judges are "immune from a suit for money damages" for actions they undertake in "a judicial capacity." Mireles v. Waco, 502 U.S. 9, 9 and 14 (1991). Perhaps the plaintiff is not seeking money damages; the court does not know, because he did not indicate what kind of relief he was seeking. But if he is seeking damages, Judge Walsh is immune from suit.

## III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$348.32** balance of the filing fee

6

by collecting monthly payments from the plaintiff's trust account in the amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Fox Lake Correctional Institution.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** for failure to state a claim for which this federal court can grant relief. The clerk will enter judgment accordingly.

The court **ORDERS** that the clerk must document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).[1]

Dated in Milwaukee, Wisconsin this 18th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[1] This is the second case filed by the plaintiff that the court has dismissed for failure to state a claim upon which relief can be granted, and the second case in which the court has issued a strike against the plaintiff. See Vancaster v. Ferguson, et al., Case No. 23-cv-467 (E.D. Wis), (judgment entered July 18, 2023).

7